# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| In re:<br><br>ALAN J. COUTURE,<br><br>Debtor. | **CV-21-02-BU-BMM**<br><br>Chapter 7 Case No. 12-61434-7<br><br>Adversary Proceeding No. 13-00019 |
| CRYSTAL MOORE,<br><br>        Plaintiff/Appellant.<br>vs.<br>ALAN J. COUTURE,<br><br>        Defendant/Appellee. | **ORDER** |

## INTRODUCTION

The United States Bankruptcy Court for the District of Montana ("Montana Bankruptcy Court") issued a Memorandum of Decision and Order in the Adversary Proceeding (Case No. 13-00019-BPH) on December 4, 2020. (Docs. 1-4 & 1-5). Appellant Crystal Moore ("Moore") has appealed the decision from the Montana Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1) and Fed. R. Bankr. P. 8003(a)(1). The Court held a hearing on the matter on December 12, 2021.

## BACKGROUND

Appellant Moore and Appellee Alan Couture ("Couture") ended their marriage by a Decree of Dissolution of Marriage ("Decree") on September 23, 2002, in Hancock County Circuit Court, Indiana. (Doc. 7 at 10). The Decree made Couture responsible for alimony, child support, mortgage payments, and payments for a marital tort. *Id.* The Decree specified that "payment shall not be dischargeable in bankruptcy." *Id.*

Couture filed for Chapter 7 bankruptcy in the United States Bankruptcy Court, Northern District of Indiana ("Indiana Bankruptcy Court"), on August 31, 2004. *Id.* at 11. The petition listed Moore as a creditor. *Id.* Moore and Couture planned to enter into a Reaffirmation Agreement in which both agreed to reaffirm the entire debt associated with the Decree. *Id.* at 12. Both appeared *pro se* for a hearing to determine the approval of the Reaffirmation Agreement. *Id.* at 13.

The Indiana Bankruptcy Court denied approval of the Reaffirmation Agreement based on its belief that the Reaffirmation Agreement proved unnecessary as the debts Couture owed to Moore were nondischargeable. *Id.* The Indiana Bankruptcy Court failed to advise Moore, however, that she needed to file a separate dischargeability complaint in order to preserve her rights to collect the marital tort judgment owed by Couture. *Id.* Moore failed to file a dischargeability complaint. *Id.* The Indiana Bankruptcy Court granted a discharge. *Id.* Couture

continued to make payments to Moore on the marital tort judgment after the discharge had been granted. *Id.*

Couture filed a second Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Montana on September 4, 2012. *Id.* Couture listed Moore as an unsecured creditor with a priority claim. *Id.* at 14. Moore filed an Adversary Proceeding on May 30, 2013, in an attempt to preserve the debts that Couture owed to her pursuant to the Decree. *Id.* The Montana Bankruptcy Court declared the unpaid debt nondischargeable under the Decree in January 2014. *Id.*

Couture reopened the Montana Chapter 7 case and Adversary Proceeding on August 1, 2017, this time with counsel. *Id.* at 15. Couture claimed that the Indiana bankruptcy case in 2004 had discharged the marital tort debt owed to Moore under the Decree. *Id.* Couture filed a Motion to Vacate Order Pursuant to Rule 60 seeking to vacate the December 2014 decision and to declare the unpaid debts under the Decree discharged and unenforceable. *Id.* The Montana Bankruptcy Court initially asked the parties to return to the Hancock County Circuit Court, Indiana to calculate the amounts that Couture paid to Moore under the Decree. *Id.* at 16.

Moore argued in Hancock County Circuit Court that res judicata barred the re-litigation of the occurrence of a marital tort. *Id.* The Hancock County Circuit Court ruled against Moore. *Id.* The Indiana Court of Appeals reversed, however,

3

and agreed with Moore's res judicata argument and rendered judgment in Moore's favor that the marital tort remained nondischargeable. *Id.*

The Montana Bankruptcy Court granted Couture's Motion to Vacate Order Pursuant to Rule 60 on December 4, 2020. *Id.* The Montana Bankruptcy Court vacated the previous 2014 Montana Bankruptcy Court decision that had deemed the Decree debts nondischargeable. *Id.* The Montana Bankruptcy Court determined that the marital tort debt owed to Moore under the Decree had been discharged in the 2004 proceeding before the Indiana Bankruptcy Court. *Id.*

## ISSUES ON APPEAL

1. Whether the Montana Bankruptcy Court erred when it reversed and set aside its previous Memorandum of Decision and Judgment dated January 27, 2014 (Docs. 6-7, 6-8), and declared that Couture's 2004 Indiana bankruptcy had discharged his obligations to Moore under the domestic Decree entered in Hancock County Circuit Court.

2. Whether the Montana Bankruptcy Court erred when it reopened this Adversary Proceeding (Doc. 6-11), and granted Couture's "Motion to Vacate Order Pursuant to Rule 60" (Doc. 6-12), that was filed on October 21, 2017.

3. Whether Couture remains judicially estopped from asking the Montana Bankruptcy Court to declare that his obligations to Moore under Indiana Decree were discharged in Couture's Indiana bankruptcy.

4. Whether the issue of the dischargeability of Couture's debt to Moore under the Indiana Decree previously has been decided, and is barred by res judicata.

5. Whether it is inequitable to declare that Couture's obligations to Moore under the Indiana Decree have been discharged.

6. Whether any ambiguity of the discharge order entered by the Indiana Bankruptcy Court in Couture's Indiana bankruptcy should be decided by the Indiana Bankruptcy Court.

## STANDARD OF REVIEW

A district court, when sitting as a court of appeals, reviews de novo a bankruptcy court's conclusions of law. *Mano–Y & M, Ltd. v. Field (In re The Mortgage Store, Inc)*, 773 F.3d 990, 994 (9th Cir. 2014). A court of appeals reviews a bankruptcy court's findings of fact for clear error. *Id.* Motions for relief from judgement pursuant to Fed. R. Civ. P. 60(b) and Fed. R. Bankr. P. 9024 "will not be reversed absent an abuse of discretion." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). A court abuses its discretion if "it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *Id.* (citing *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000).

# ANALYSIS

**I.  Whether the Montana Bankruptcy Court erred when it vacated its 2014 judgment and determined that Couture's debts under the Decree had been discharged in the 2004 Indiana bankruptcy.**

Moore argues first that Couture incorrectly claimed in both his motion to open the adversary proceeding and his Motion to Vacate Order under Rule 60, that the Indiana Bankruptcy Court "denied the reaffirmation of Ms. Moore's debt and deemed the debt unenforceable, effectively discharging the debt." (Doc. 6-9 at ¶ 7, Doc. 6-12 at 3). Moore contends that the Montana Bankruptcy Court also mischaracterized the reaffirmation hearing when it made a similar statement in its Memorandum of Decision. The Montana Bankruptcy Court noted that the Indiana Bankruptcy Court "expressed skepticism" about whether the debt should be discharged. (Doc. 7 at 19). Moore asserts that these characterizations contradict both Couture's belief that the debt under the Decree was nondischargeable and the Indiana Bankruptcy Court's explanation that the Reaffirmation Agreement was unnecessary for a nondischargeable debt.

Moore argues next that the parties never intended for the Indiana Bankruptcy Court to discharge Couture's debt. Moore points to Couture's statements during the reaffirmation hearing that Couture knew the debts under the Decree were nondischargeable and that Couture was willing to execute the Reaffirmation Agreement to give Moore "peace of mind." (Doc. 7 at 12, 14; Doc. 6-12 at 24 of

6

35, ¶ 14-15). Moore alleges that the Montana Bankruptcy Court's analysis of the parties intentions under *Sillins v. Sillins* (*In re Sillins*), 264 B.R. 894, 896 (Bankr. N.D. Ill. 2001), proved unnecessary given that both parties intended for the entirety of the Decree, including the marital tort, to be nondischargeable. (Doc. 7 at 22; Doc. 1-4 at 17).

As an initial matter, the Montana Bankruptcy Court never mischaracterized the debt in its Memorandum in Decision. The Montana Bankruptcy Court recognized that the Indiana Bankruptcy Court merely "expressed skepticism" as to the *reaffirmation* of the debt, not the *discharge* of the debts under the Decree. (Doc. 1-4 at 5). The Montana Bankruptcy Court determined that Moore's failure to file a dischargeability complaint in the Indiana Bankruptcy Court resulted in the discharge of the marital tort judgment debt in 2004. (Doc. 1-4 at 20-21).

The Montana Bankruptcy Court first analyzed Couture's 2004 Chapter 7 bankruptcy under 11 U.S.C. § 727. A discharge under § 727(b) "discharges the debtor from all debts that arose before the date of the order for relief." Section 727(b) notes, however, exceptions to discharge in categories listed in 11 U.S.C. § 523. Domestic support obligations automatically survive discharge. 11 U.S.C. § 523(a)(5). Section 523(a)(15) also excepts discharges for non-support obligations like obligations to a spouse, former spouse, or child of the debtor pursuant a divorce decree or separation agreement.

Unlike the exceptions to discharge highlighted in § 523(a)(5), however, debt obligations under § 523(a)(15) do not automatically survive discharge. Instead, under the 2004 version of § 523, when a creditor retains claims to a debtor's obligations subject to the discharge exception under § 523(a)(15), the creditor must file a complaint to determine the dischargeability of a debt no later than 60 days after the first date set for the meeting of creditors. 11 U.S.C. § 523(c); Fed. R. Bankr. P. 4007.

The Montana Bankruptcy Court characterized Couture's obligations for marital tort judgement pursuant to the Decree as a non-support obligation under § 523(a)(15). Courts look to the parties' intent at the time that they execute the settlement agreement to determine whether a debtor's obligation falls within the realm of support obligations under § 523(a)(5). *Sillins*, 264 B.R. at 896. The Montana Bankruptcy Court reviewed the "language and substance" of the Decree, the financial circumstances of the parties at the time the debt had been imposed, and the "function served by the obligation." *In re Bartlett*, 2014 WL 7252049, at *1 (Bankr. N. D. Ind. 2014).

The spousal support differed from the marital tort judgement. (Doc. 1-4 at 17). The Decree lists marital tort judgment separately from support obligations. Unlike the support obligations for alimony, child support, and mortgage payments, the marital tort judgement did not terminate on Moore's death or remarriage. *Id.*

8

Couture worked two jobs to make payments to Moore. *Id.* at 17-18. Couture already had paid Moore $412,702.77 between 2002 and 2012, the children have grown out of child support, and the mortgage had been satisfied. *Id.* at 18.

The marital tort cannot be considered a support obligation under § 523(a)(5). It must be considered a non-support obligation under § 523(a)(15) or, as the Indiana Court of Appeals concluded, a "willful and malicious injury" by Couture under § 523(a)(6). (Doc. 6-19 at 14). The 2004 version of § 523(c)(1) and Fed. R. Bankr. P. 4007, required Moore to file a dischargeabilty complaint for debts categorized in either § 523(a)(6) or (a)(15). Moore failed to file and thus the 2004 Indiana Bankruptcy discharged Couture's marital tort judgment debt in the Decree. The Montana Bankruptcy Court did not err when it determined that the marital tort judgment had been discharged in 2004.

**II.    Whether the Montana Bankruptcy Court abused its discretion when it granted Couture's Fed. R. Civ. P. 60(b)(6) Motion to Vacate the Order.**

The Montana Bankruptcy Court noted in its 2014 decision that it was "unnecessary" to have a trial to fix the debts because they are "nondischargeable in any amount." (Doc. 6-7 at 4). The Montana Bankruptcy Court further reasoned that it would have wasted the court's time to determine dischargeability, "especially when the Defendant admits the debts are nondischargeable." *(Id.)* Couture filed a Motion to Vacate the 2014 Montana Bankruptcy Order Pursuant to Fed. R. Civ. P.

9

60 after reopening this Chapter 7 Bankruptcy and Adversary Proceeding in the Montana Bankruptcy Court in 2017. (Doc. 6-12).

Any Rule 60(b) relief should be granted "sparingly" only to avoid "manifest injustice." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017). Fed. R. Civ. P. 60(b)(6) serves as a catch-all provision that can be applied where none of Rule 60(b)'s other five circumstances apply. *Id.* (citation omitted). Rule 60(b)(6) allows a court to grant relief from a judgment for any reason that "justifies relief." To prevail on a Rule 60(b)(6) motion, the movant must demonstrate the existence of "extraordinary circumstances." *Gonzales v. Crosby*, 545 U.S. 524, 535 (2005). The Montana Bankruptcy Court granted Couture's motion to vacate. (Doc. 1-4). Moore's failure to file a dischargeability complaint in the 2004 Indiana Bankruptcy resulted in the discharge of the marital tort debt. (*Id.* at 21).

Moore asserts that the Montana Bankruptcy Court erroneously granted the Rule 60(b)(6) motion based on its determinations that "neither party disclosed the prior discharge" and that the parties' litigation choices misled the court that the 2014 discharge decision "may reflect an error of law." (Doc. 7 at 24; Doc. 1-4 at 14). Moore argues second that Couture's ignorance of the law provides no basis for the Montana Bankruptcy Court to grant relief from judgment under Rule 60(b)(6). (Doc. 7 at 25). Moore claims that Couture's "incorrect understanding of the scope

of the discharge he received in 2004" provides no grounds for a vacated judgment now after Couture failed to claim the discharge. *Id.*

Moore insists that nothing obligated her to disclose the details of Couture's prior bankruptcy case or its discharge order. Moore fails to consider, however, that the bankruptcy law obligated her to file a dischargeability complaint to preserve her rights to the marital tort judgment. Couture failed to file. The "incorrect understanding" that Moore suggests stems, in part, from her own failure to file a dischargeability complaint in 2004.

The Court recognizes the lack of understanding on Couture's part. This lack of understanding by Couture, however, comes in response to Moore's failure to file her dischargeability complaint in 2004. Moore alleged in the 2014 Montana Bankruptcy Adversary Proceeding that the marital tort judgment was nondischargeable. (Doc. 6-1 at 2, ¶¶ 5-6). This representation misled the Montana Bankruptcy Court into believing that Moore maintained rights to the marital tort judgment after the 2004 Indiana Bankruptcy.

As Moore notes, proceeding pro se is not a "license not to comply with relevant rules of procedural and substantive law." (Doc. 7 at 26) (citing *Holm v. Beaver for Estate of Beaver*, No. 18-81-H-DLC-JTJ, 2019 WL 5535735 *2 (D. Mont. Oct. 25, 2019)). Moore, who proceeded pro se in 2004, failed to follow procedural laws to preserve her rights to the marital tort judgment. Moore argues

11

that Couture "chose not to" assert the discharge in 2004. (Doc. 7 at 27). Moore nonetheless failed to file her dischargeability complaint in 2004 to preserve her rights to the debt. The Montana Bankruptcy Court was unaware of this information when it entered its 2014 decision.

Rule 60(b)(6) exists as "a grand reservoir of equitable power to do justice in a particular case." 12 *Moore's Federal Practice* § 60.48 (3d ed. 2020). Errors of law stand "cognizable" under Rule 60(b)(6). *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc.* (*In re Int'l Fibercom, Inc.*), 503 F.3d 933, 940 (9th Cir. 2007). Courts have acknowledged that Rule 60(b)(6) should be "liberally applied" to "accomplish justice." *Id.* (citation omitted). A bankruptcy court may rely on Rule 60(b)(6) "to ensure that [an] order complie[s] with the Bankruptcy Code."

This case involves an extraordinary circumstance in which the Montana Bankruptcy Court's 2014 Memorandum of Decision and Order (Doc. 6-7) contained a legal error arising from Moore's failure to file her dischargeability complaint in the 2004 Indiana Bankruptcy. The marital tort judgement should not have been excepted from discharge in the 2014 Montana Bankruptcy. The Montana Bankruptcy Court properly corrected this error of law in its 2020 decision, as authorized under Rule 60(b)(6).

Moore argues lastly that Couture's Rule 60(b)(6) motion failed to comply with the "reasonable time" requirement of Fed. R. Civ. P. 60(c)(1). (Doc. 7 at 28).

The determination of "reasonable time" depends on the facts of the case. *In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 249 (9th Cir.1989). Courts may consider prejudice suffered by the non-moving party and whether the moving party had good reason for failing to take action sooner. *Id.*

The Montana Bankruptcy Court determined that Moore had suffered no prejudice by the delay. Moore still fails to show any evidence in her briefing that she suffered as a result of the delay. The Court agrees with the Montana Bankruptcy Court that Couture's motion was timely given the exceptional circumstances of this case. Accordingly, the Montana Bankruptcy Court did not abuse its discretion when it vacated the 2014 decision pursuant to Rule 60(b)(6).

**III.** **Whether judicial estoppel prevents Couture from arguing that his obligations to Moore under the Decree were discharged in the 2004 Indiana Bankruptcy.**

Moore contends that Couture has filed numerous pleadings and made statements in open court that reflect his intention and belief that his entire debt to Moore, including the marital tort, had not been discharged in the 2004 Indiana Bankruptcy. (Doc. 7 at 29). Moore asserts that judicial estoppel prevents Couture from now claiming otherwise. (*Id.*) Judicial estoppel "prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 Led.2d 968 (2001) (citation omitted). Courts

13

apply the following factors to determine whether judicial estoppel applies: (1) a party's later position must be clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position that would create a perception that the prior courts were misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Id.* (citations omitted).

The Court struggles to see how Couture prevailed in any phase of this litigation. The marital tort judgment carried an amount of $675,000 with 8% interest in the Decree subject to the Reaffirmation Agreement. (Doc. 6-12 at 12, ¶ 10). The Decree required Couture to pay bi-monthly payments in the amount of $2,271.39. *Id.* Couture paid Moore $304,189.77, including Couture's support obligations, after the 2004 Indiana Bankruptcy and leading up to the 2012 Montana Bankruptcy filing. (Doc. 21). Couture testified that he would work two jobs to satisfy his obligations to Moore under the Decree. (Doc. 1-4 at 7-8). Couture's legal position in the 2004 Indiana Bankruptcy worked to his own financial detriment.

The *New Hampshire* factors do not favor judicial estoppel. First, although inconsistent, Couture's current position arises directly from Moore's failure to file a dischargeability complaint in the 2004 Indiana Bankruptcy. Couture's position

would have been the same had he known before the reopening of his adversary proceeding in the Montana Bankruptcy Court in 2017 that the marital tort judgment had been discharged in the 2004 Indiana bankruptcy.

Second, as noted above, this extraordinary circumstance involved both parties having misinformed the 2014 Montana Bankruptcy Court. Moore asserted in the 2014 proceeding that Couture had remaining obligations for the martial tort judgment that Couture failed to oppose. (Docs. 6-1 at 2, ¶¶ 5-6; 6-2 at 2-3, ¶¶ 5-6). This obligation already had been discharged in the 2004 Indiana Bankruptcy proceeding. Any inference that Couture misled a prior court stems solely from Moore's failure to file a dischargeability complaint.

Third, Couture would derive no unfair advantage from his current position. Couture's obligations on the mortgage were released in 2014 and he satisfied his child support obligations in 2016. These satisfactions leave only the marital tort judgment and the alimony conditioned upon Couture's obligation to pay the marital tort judgement. (Doc. 6-12 at 11-13, ¶ 9). Couture continued to pay his obligations for the marital tort judgment from 2004 to 2012 even after Moore failed to file her dischargeabiltiy complaint.

Notably, none of the cases cited by Moore involve a factual scenario where the court invoked judicial estoppel when debts actually had been discharged in a

prior bankruptcy proceeding. Judicial estoppel fails to prevent Couture from arguing that the marital tort judgement was discharged in 2004.

### IV. Whether res judicata or collateral estoppel prevent Couture from claiming that his debt to Moore under the Decree has been discharged.

Moore argues that previous courts already have determined that the marital tort judgment debt remains nondischargeable. (Doc. 7 at 33-34). Moore asserts that res judicata and collateral estoppel now prevent the Montana Bankruptcy Court from discharging the marital tort judgment. (*Id.*) Couture reopened the Montana Chapter 7 adversary proceeding on August 1, 2017, and filed his motion to vacate the 2014 Montana Bankruptcy order pursuant to Rule 60 on October 26, 2017. (Docs. 6- 9 & 6-12). Couture claimed, and Moore admits, that the motion related to Couture's new assertion that the debt had been discharged in 2004 due to Moore's failure to file a dischargeability complaint on the marital tort judgment. (Docs. 6-12; 7 at 8).

The Montana Bankruptcy Court ordered that the parties return to Hancock County Circuit Court, Indiana to calculate the dollar amount of payments that Couture already had made and that Couture still owed. (Doc. 6-14 at 11). The Montana Bankruptcy Court also "invited" the Hancock County Circuit Court to provide clarification on the nature of the marital tort debt and "whether it was intended to be in the nature of alimony or support." *Id.*

Moore argued during the Hancock County Circuit Court proceeding that res judicata barred re-litigation of whether a marital tort had occurred. (Doc. 6-19 at 4). The Hancock County Circuit Court overruled her objection. *Id.* The Indiana Court of Appeals reversed and determined that the Hancock County Circuit Court exceeded the Montana Bankruptcy Court's order for clarification by finding that Moore had "waived her right to assert that re-litigation was barred by res judicata." (*Id.* at 14). The Indiana Court of Appeals also determined that the marital tort judgement qualified as a "willful or malicious injury" under 11 U.S.C. § 523(a)(6).

Bankruptcy courts possess exclusive jurisdiction to determine the dischargeability of debts under § 523(a)(6). *In re Aldrich*, 34 B. R. at 781 (9th Cir. BAP 1983). The Montana Bankruptcy Court could not have deferred to the Indiana Court of Appeals's classification of the marital tort debt under § 523(a)(6). Obligations under the 2004 version § 523(a)(6) remain subject to the timely filing of a dischargeability complaint. 11 U.S.C. § 523(c)(1) (2004); Fed. R. Bankr. P. 4007. Importantly, no court before the Montana Bankruptcy Court decision in 2020, including the Indiana Court of Appeals, ever had analyzed the issue of whether the marital tort debt had been discharged in the 2004 Indiana Bankruptcy due to Moore's failure to file a dischargeability complaint.

Rule 60(b) allows a court to "grant relief from a judgment in circumstances in which the need for truth outweighs the value of finality in litigation." 12

17

*Moore's Federal Practice* § 60.02 (3d ed. 2020); (Doc. 1-4 at 10). The discharge of Couture's marital tort obligations under the Decree due to Moore's failure to file a dischargeability complaint in 2004 outweighs the value of finality of judgments in the previous proceedings. The Montana Bankruptcy Court properly applied Rule 60(b).

V. **Whether it proves equitable to determine that Couture's marital tort judgment obligations under the Decree were discharged in the 2004 Indiana Bankruptcy.**

Moore argues that it would be inequitable to determine, fifteen years after the Indiana Bankruptcy, that Couture's marital tort obligations under the Decree had been discharged in 2004. (Doc. 7 at 27). Rule 60(b)(6) exists as an equitable remedy in order to avoid manifest injustice. *See United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005). Moreover, Rule 60(b)(6) stands as a "grand reservoir of equitable power to do justice." 12 *Moore's Federal Practice* § 60.48 (3d ed. 2020).

The Court already has determined that the Montana Bankruptcy Court properly vacated its 2014 judgment under Rule 60(b)(6). Moore failed to file a dischargeability complaint in the 2004 Indiana Bankruptcy. Moore maintains no right to the marital tort judgment. To hold otherwise would impose obligations on Couture that were legally discharged in 2004.

**VI.     Whether the Court should refer the matter to the Indiana Bankruptcy Court for an interpretation of the Indiana Bankruptcy Court discharge order.**

Moore asserts that if a question exists as to the scope of the Indiana Bankruptcy Order, the matter should be referred to the Indiana Bankruptcy Court. (Doc. 7 at 28). Moore fails to consider, however, that the issue in this case does not involve the scope of 2004 Indiana Bankruptcy Order. The case instead presents the issue of whether Moore's procedural mistake in failing to file a dischargeability complaint preserved her rights to the marital tort judgment. A referral to the Indiana Bankruptcy Court proves unnecessary.

## ORDER

Accordingly, **IT IS ORDERED** that the Montana Bankruptcy Court's Memorandum of Decision and Order (Docs. 1-4 & 1-5) are **AFFIRMED**.

Dated the 27th day of May, 2022.

_____
Brian Morris, Chief District Judge
United States District Court